## UNION BUS STATION, INC v ETOSH

Ohio Appeals, 2nd Dist, Franklin Co

No 2299. Decided Nov 2, 1933

Addison & Addison, Columbus, for plaintiff in error.

Hamilton & Kramer and Arthur W. Wiles, for defendant in error.

## OPINION

By KUNKLE, J.

The plaintiff in error in its petition in error alleges various grounds of error. Counsel for plaintiff in error in oral argument and in their briefs principally stress the following grounds of error:

(1) The verdict was against the manifest weight of the evidence.

(2) There was prejudicial error in the admission of exhibits and in permitting the plaintiff below to amend the petition during the course of the trial.

(3) That the court erred in his charge to the jury.

(4) That the court erred in not sustaining the defendant's motion for a judgment in its favor and also in its failure to accept the offer of plaintiff in error to confess judgment for $25.00 and costs in favor of defendant in error.

The record in this case is not very extensive and the testimony in the main, consists of one witness, the defendant in error.

In brief, the defendant in error claims that he left two suit cases at the Bus Station of plaintiff in error about 11:00 o'clock at night and returned the next morning with two check stubs and asked for his baggage which he had checked there and for which such stubs had been received;

that he received but one suit case which contained his toilet articles and some under-clothing. He claims the merchandise described in detail in the petition was contained in the other suit case; that he bought this merchandise in New York and expected to resell the same. Defendant in error is a foreigier, being a Syrian by birth, and claims that he can not read English although he has been doing business for a number of years in this country.

The question urged by counsel for plaintiff in error with much force and which has given us some trouble relates to the claim that the verdict is against the manifest weight of the evidence. The record contains a detailed statement from defendant in error in reference to the purchase of these goods in New York and the manner in which he handled the same after such purchase. He was subjected to a very rigid cross-examination by counsel for plaintiff in error. In fact the substantial part of the record in this case consists of such cross-examination. We concede that the testimony of defendant in error upon such cross-examination, in certain respects is quite unsatisfactory. The jury, however, as above stated, by an unanimous verdict found in his favor. If this court had seen the witness upon the stand and heard him testify, we might also have been impressed with the fact that he was trying to tell the truth in reference to the purchase of these goods and also in reference to his having left the same with the plaintiff in error in a suit case upon the night in question and of their loss by the plaintiff in error through no fault of defendant in error. The jury seems to have been so impressed. From a careful study of the testimony, although the same as above suggested, is somewhat unsatisfactory to us, we would not feel justified in disturbing the verdict upon that ground.

Among other things the trial court charged the jury that

"The jury are the sole judges of the facts; you are also the sole judges of the credibility of the witnesses. You may believe all that a witness has said, or part only that a witness has said, or nothing that a witness has said."

This was a correct statement to the jury as to their province in believing or disbelieving all or any portion of the testimony of the witness. The determination of the credibility of a witness is peculiarly within the province of the jury. Our Supreme Court in **Theater Company v Lautermilch,**

118 Oh St, at page 167, announced the following rule in the syllabus:

"Whenever, from conflicting evidence of the same witness or of different witnesses, it becomes necessary to weigh such conflicting evidence to determine wherein the probable truth lies, or from a combination of circumstances determine an ultimate fact, upon the determination of which different minds might reasonably arrive at different conclusions, it is the province of the jury to perform that function. It is reversible error for the court to invade that province of the jury."

Applying the well established rule in Ohio upon the question with which we have had the most difficulty, we are of opinion that a reviewing court, under the state of this record, would not be justified in reversing the judgment upon the ground that the same is against the manifest weight of the evidence.

We find no prejudicial error in the admission of exhibits.

We also think the leave to amend granted plaintiff in error under the state of the record came within the discretion of the trial court and was not prejudicial to plaintiff in error. Plaintiff in error made no request for a continuance of the case to meet such additional evidence.

We have examined, with care the many authorities cited by counsel in their exhaustive briefs upon the liability of a bailee and particularly upon the right of the bailee to limit its liability.

There is no suggestion in this record that the attention of the defendant in error was called to the printing upon this check to the effect that the liability of the bailee would be limited to $25.00. There is no suggestion in the record that this question was discussed between the agent of plaintiff in error and the defendant in error. The defendant in error claims he cannot read English and knew nothing about such attempted limitation of liability until his attention was subsequently called thereto by the plaintiff in error, after the loss of the goods in question.

Without attempting to review the authorities in detail, we think it sufficient to say that this question was presented to this court some years ago in the case of Union Depot Company v Harry C. Ulrisch. The above mentioned case came into this court upon review from the judgment of the Court of Common Pleas of Franklin County.

The late Judge Rogers presided in the trial of that case in the Common Pleas

Court and handed down one of his characteristically exhaustive opinions in which he reviewed in considerable detail many of the leading authorities. The decision of Judge Rogers is reported in the 22nd O. N. P. (N.S.) at page 141.

The syllabus of such decision is as follows:

"Where a package is left with the bailee of packages for hire a stipulation printed on the check given to the owner for use in claiming the package, limiting the liability of the bailee to $25.00 in case the package is lost is not binding on a bailor whose attention was not directed to the limitation and does not bar recovery of the value of a package which was lost."

This court affirmed such decision of Judge Rogers.

Our further consideration of the authorities leads us to the conclusion that the syllabus in the case above referred to contains a correct statement of law and that under the record in this case, the trial court would neither have been justified in ordering a verdict in favor of plaintiff in error nor in limiting the liability of plaintiff in error to $25.00.

We have considered all the errors urged by counsel for plaintiff in error and upon such consideration find no error in the record which we consider prejudicial to plaintiff in error and the judgment of the lower court will therefore be affirmed.

HORNBECK, PJ, and BARNES, J, concur.